UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RANDOLPH DAYTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FAIRFIELD, et al.,<br><br>Defendants. | Case Nos. 2:23-cv-02362-CSK<br>            2:24-cv-01170-CSK<br><br>CONSOLIDATION ORDER<br><br>(ECF No. 24 in No. 2:23-cv-02362-CSK) |

Pending before the Court is a motion to consolidate *Edward Randolph Dayton v. City of Fairfield, et al.*, No. 2:23-cv-02362-CSK ("*Dayton I*") and *Edward Randolph Dayton v. City of Fairfield, et al.*, No. 2:24-cv-01170-CSK ("*Dayton II*") filed by Defendants City of Fairfield, Nathan Strickland, Frank Piro, Richard Mroz, Robert Ramirez-Kirgan, Jimmie Williams, and Dan Marshall.[1] (ECF No. 24 in No. 2:23-cv-02362-CSK.) Though Plaintiff was provided with multiple opportunities to respond to the motion to consolidate, Plaintiff has not filed an opposition or otherwise responded to the motion. *See Dayton I* Docket; *Dayton I*, 1/28/2025 Minute Order (ECF No. 25); *Dayton I*, 2/18/2025 Minute Order (ECF No. 27). Pursuant to Local Rule 230(g), the hearing was vacated and the motion was submitted upon the record. (*Dayton I*, ECF No. 27.)

---

[1] Both actions proceed before the undersigned pursuant to 28 U.S.C. § 636(c) on the consent of all parties.

1

## I. DISCUSSION

Defendants move to consolidate *Dayton I* and *Dayton II* because the actions share similar factual issues arising out of the City of Fairfield's alleged removal of Plaintiff's mobile home, trailer, and belongings; common issues of law with similar or identical causes of action against the City of Fairfield and almost all the same individual City of Fairfield law enforcement personnel; and consolidation would conserve judicial resources and would not prejudice Plaintiff. *See* Defs. Mot. Pursuant to Local Rule 230(c), Plaintiff's failure to file a timely opposition is construed as a non-opposition to Defendants' motion to consolidate.

Where actions in the same district "involve a common question of law or fact," Federal Rule of Civil Procedure 42(a) allows a district court to: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). The district court also has "inherent power to control their dockets." *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008).

The Court grants Defendants' unopposed motion to consolidate the *Dayton I* and *Dayton II* actions for all purposes, including trial. The *Dayton I* and *Dayton II* actions meet the standard of Rule 42(a) where both actions involve several common questions of law and fact, including similar claims based on similar facts brought by the same plaintiff against almost all the same defendants—the City of Fairfield and individual City of Fairfield law enforcement personnel. *See* Fed. R. Civ. P. 42(a); *Howse v. Chiquita Canyon, LLC*, --- F. Supp. 3d. ----, 2024 WL 4828705, at *9 (C.D. Cal. Nov. 19, 2024). The Court further finds that consolidation will conserve limited judicial resources and the resources of all parties. Plaintiff filed the two actions just 4.5 months apart.

/ / /

/ / /

The *Dayton II* Pretrial Scheduling Order will govern this consolidated action. (*Dayton II*, ECF No. 14.) The schedule summary is provided again here:[2]

| Event | Deadline |
|---|---|
| Joint Mid-Discovery Statement | June 5, 2025 |
| Non-Expert Discovery Completion | October 17, 2025 |
| Initial Expert Disclosures | December 16, 2025 |
| Rebuttal Expert Disclosures | January 15, 2026 |
| Expert Discovery Completion | February 17, 2026 |
| Dispositive Motions Filed By | April 20, 2026 |
| Dispositive Motions Heard By | June 16, 2026 |
| Joint Pretrial Statement Filed By | 21 days before the FPTC |
| Motions In Limine Filed By | 14 days before the FPTC |
| Final Pretrial Conference ("FPTC") and Motions In Limine Hearing | September 15, 2026 |
| Jury Trial (1-2 days) | October 19-20, 2026 |

The Court notes that the pleadings are closed and there is no need for a consolidated master complaint. In addition, no such request has been made.

## II.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Defendants' unopposed motion to consolidate (*Dayton v. City of Fairfield, et al.*, No. 2:23-cv-02362-CSK, ECF No. 24) is GRANTED;

2. The *Dayton v. City of Fairfield, et al.*, No. 2:23-cv-02362-CSK, and *Dayton v. City of Fairfield, et al.*, No. 2:24-cv-01170-CSK, actions are consolidated for all purposes, including trial;

3. *Dayton v. City of Fairfield, et al.*, No. 2:24-cv-01170-CSK, will be the lead

---

[2] Because the deadline for exchanging Initial Disclosures has already passed, this deadline is not included in this schedule summary. (*See Dayton II*, ECF No. 14.)

case. The parties are directed to file all future pleadings in the lead case only.

4. The Clerk is directed to file a copy of the First Amended Complaint (ECF No. 4), Answer (ECF No. 11), assignment orders (ECF Nos. 14 and 19), and motion to consolidate documents (ECF Nos. 24-27) from member case, *Dayton v. City of Fairfield, et al.*, No. 2:23-cv-02362-CSK, in lead case *Dayton v. City of Fairfield, et al.*, No. 2:24-cv-01170-CSK.

5. The Clerk is directed to administratively close member case, *Dayton v. City of Fairfield, et al.*, No. 2:23-cv-02362-CSK; and

6. The November 25, 2024 Pretrial Scheduling Order (ECF No. 14) in lead case *Dayton v. City of Fairfield, et al.*, No. 2:24-cv-01170-CSK, will govern this consolidated action.

Dated: March 24, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4